# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIC ABSHER, | ) |
|        Petitioner, | ) |
| vs. | ) NO. CIV-19-0354-HE |
| SCOTT CROW, | ) |
|        Respondent. | ) |

## **ORDER**

Petitioner Eric Absher, a state prisoner appearing *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state court conviction. Pursuant to 28 U.S.C. § 363(b)(1)(B) and (C) the matter was referred to Magistrate Judge Shon T. Erwin for initial proceedings. After examining the Petition and Brief in Support, Judge Erwin ordered the Oklahoma Attorney General to respond to the petition. Judge Erwin has now issued a Report and Recommendation ("Report") recommending that the petition be denied. Petitioner has objected to the Report which triggers *de novo* review by this court of proposed findings or recommendations to which objection has been made.

Petitioner was convicted of five counts of lewd acts with a minor. On appeal, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction. Petitioner sought an evidentiary hearing and filed a motion for post-conviction relief which asserted eleven grounds for relief. The district court denied his application, and the OCCA affirmed that denial. His petition asserts thirteen grounds for relief: the one proposition of error asserted in his direct appeal, the eleven post-conviction grounds for relief, as well as the

denial of an evidentiary hearing by the state courts. He also seeks an evidentiary hearing in support of the petition.

The Report accurately sets out the standard for review in this habeas proceeding. That standard is deferential — even doubly deferential as to certain issues — as to those issues which were determined in state court proceedings based on Supreme Court precedents. In this case, Judge Erwin analyzed eight of petitioner's grounds for relief using the deferential AEDPA standard, four grounds using *de novo* review, and one ground using both the deferential standard and *de novo* review.

Under AEDPA, habeas relief may only be granted if the state court's adjudication of the issues "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1) & (2). Factual findings are not "unreasonable" just because this or some other reviewing court might have found the facts differently in the first instance. Brumfield v. Cain, 135 S. Ct. 2269, 2277 (2015). Rather, this court must defer to the state court determination of the issue so long as "reasonable minds reviewing the record might disagree about the findings in questions." *Id.*

A state court's determination that a claim lacks merit precludes federal habeas relief so long as "fairminded jurists could disagree on the correctness of the state court's decision." Woods v. Etherton, 135 S. Ct. 1149, 1151 (2016). Thus, this court's review is highly deferential to the determinations of the OCCA. Further, the review is doubly

deferential as to issues involving claims of ineffective assistance of counsel.[1]  The Strickland v. Washington standard for such claims, like the § 2254(d) standard, is also "highly deferential and when the two apply in tandem, review is doubly so."  Harrington v. Richter, 562 U.S. 86, 105 (2011).

The AEDPA deferential standard "does *not* apply to issues not decided on the merits by the state court."  Grant v. Royal, 886 F.3d 874, 889 (10th Cir. 2018) (quotations and citation omitted).  For such claims, the court must exercise "independent judgment" and review conclusions of law *de novo* and factual findings for clear error.  *Id.*  However, even where the state court did not decide an issue on the merits, any "state-court findings of fact that bear upon the claim are entitled to a presumption of correctness rebuttable only by clear and convincing evidence."  *Id.* (quotations and citation omitted).

The court concludes that the Report has applied the correct standards of review to each of petitioner's grounds for relief.  Applying these standards, after *de novo* review of the Report, the court concludes that the petition for habeas relief must be denied.  Petitioner's often conclusory allegations about how his trial would have concluded differently had his version of events unfolded do not state a basis for relief when tested against the standards applicable here.

It is unnecessary to discuss the various issues in detail, as the court concludes the Report's treatment of them is substantially correct.  Under the Strickland standard,

---

[1] *Nine of petitioner's grounds for relief are based on claims of ineffective assistance of counsel.*

petitioner was not denied effective assistance of either trial or appellate counsel. With respect to petitioner's grounds for relief one, two, five, six, eight, nine, and ten about counsel's actions, the OCCA adjudication that either counsel was not ineffective is neither contrary to, nor an unreasonable application of, Supreme Court precedent. Likewise, Judge Erwin's *de novo* determination that trial counsel was not ineffective under the Strickland standard as alleged in petitioner's grounds four and seven is proper.

In ground three, petitioner asserts that the trial court lacked subject matter jurisdiction over him because the information against him was unverified. The Report analyzed this ground under both the AEDPA and *de novo* standards. This claim raises a question of state law that has been resolved by the state courts. As such, it is not a basis for habeas relief. Even under the *de novo* standard, the state district court's finding of fact that the information had been verified is entitled to a presumption of correctness. No clear and convincing evidence has been presented to rebut this presumption.

Petitioner's eleventh ground — cumulative error based on grounds one through ten — does not state a basis for relief. Like the Report, the court concludes no error was shown as to those grounds and there is therefore nothing to cumulate.

The Report also correctly concludes on *de novo* review that Oklahoma law controls whether petitioner should have been granted an evidentiary hearing on post-conviction review. The decisions of the Oklahoma courts to not hold an evidentiary hearing does not raise a ground for habeas relief. Petitioner's ground twelve raises no claim for relief.

Petitioner's ground thirteen, that a forensic interviewer improperly vouched for the two victims, was the one ground for relief asserted in his direct appeal. In that appeal, the

4

OCCA determined that error had occurred, but concluded it was harmless. The court concludes, consistent with the Report, that the OCCA's conclusion of harmless error was not unreasonable when measured against the applicable standard.

Finally, the Report correctly concluded that an evidentiary hearing is unnecessary to resolve this case because the petition can be resolved on the basis of the record before the court.

The court concludes that Mr. Absher's request for habeas relief should be denied for substantially the reasons stated in the Report. The Report and Recommendation [Doc. #23] is therefore **ADOPTED**. Petitioner's Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS SO ORDERED**.

Dated this 30th day of October, 2019.

JOE HEATON
UNITED STATES DISTRICT JUDGE